EGGART v. STATE.
(No. 634.)

HANSEN v. STATE.
(No. 636.)

ROSS v. STATE.
(No. 638.)

INTOXICATING LIQUORS—LICENSE TO SELL—SALES WITHOUT LICENSE
—INFORMATION—INSTRUCTIONS—HARMLESS ERROR—EVIDENCE—VA-
RIANCE.

1. Prior to the act of February 9, 1909, liquor licenses could
   be granted for places outside of incorporated cities and
   towns and for the period of one year; so that if a license
   had been granted before said date it might not have ex-
   pired until after certain sales of intoxicating liquors charged
   by a criminal information to have been made without a
   license. It was, therefore, erroneous to charge the jury
   that the law forbids the granting of any license to sell in-
   toxicating liquors at any place outside of incorporated
   cities and towns, and if they should find that the place
   where defendant is alleged to have sold intoxicating liquor
   is outside of any incorporated city or town, it would be
   unnecessary to inquire whether defendant had a license.
   The instruction was also erroneous for the reason that
   it referred to the place of sale alleged in the information,
   and no particular place in the county was alleged as the
   place where the liquors were sold.

2. Under an information charging a sale of intoxicating liquors
   without a license, it is competent to show such a sale at
   any place within the county, whether within or without an
   incorporated city or town.

3. In a prosecution for selling intoxicating liquors without a
   license, an instruction, though erroneous because charging
   that it would be unnecessary to inquire whether the de-
   fendant had a license if the place where the sale was al-
   leged to have been made was found to be without an in-
   corporated city or town, and because it was possible that
   there might have been an unexpired license at the time of
   the alleged sale and no particular place of sale in the
   county was alleged in the information, was, however, not
   prejudicial, since it appeared by the testimony of the county
   clerk that the defendant had no license at the time of the

sales, and there was no evidence tending to show that he had a license.

4. A statute approved February 9, 1909, prohibited the granting thereafter of any license for the sale of intoxicating liquors at any place outside of an incorporated city or town, and a general statute prescribed a penalty for selling such liquors without a license. *Held,* in a prosecution for selling liquors without a license, that where it is shown that the defendant had no license at the time of the sales charged, it is not important whether the place of sale was within or without an incorporated city or town.

5. An information for selling intoxicating liquors without a license alleged that the sales were made to "F. H. Leslie," while the evidence was that the sales were made to "Frank W. Leslie." *Held,* that the variance was not material or prejudicial, there being nothing in the record to indicate that the defendant was in any way misled or prejudiced thereby.

[Decided June 14, 1911.]                    (116 Pac. 454.)

ERROR to the District Court, Sheridan County, HON. RODERICK N. MATSON, Judge.

William Eggart, Julius P. Hansen, and William Ross were separately prosecuted for selling intoxicating liquors without a license, and each was convicted and brought error. These cases, together with the case of Russell v. State (No. 635), were consolidated for the purpose of the argument and submitted together. The material facts are stated in the opinion.

*Enterline & LaFleiche,* for plaintiffs in error.

In addition to the points made and the authorities cited in the briefs in the case of Vines v. State (No. 637) and Russell v. State (No. 635) it was argued that the state was erroneously permitted to show that the liquors were sold outside of the limits of any incorporated city or town, for the reason that it was wholly immaterial under the defective information where the premises were located; that the court erred in the Eggart case in permitting a witness to testify respecting other sales than those referred to

in the information; also that the witness had a conversation with the defendant in reference to some girls being in his establishment. Further, that the state having elected to confine its prosecution to six counts contained in the information was bound by that election. It was also contended that the court erred in admitting evidence relating to the liquors that were kept on the premises of the defendant, as to whether the same was intoxicating or not.

In the Ross case it was contended that the court erred in giving an instruction to the effect that the laws of the state forbid the granting of any license to sell intoxicating liquors at any place outside of incorporated cities and towns, and that if the jury find that the place where the defendant is alleged to have sold intoxicating liquors is outside of any incorporated city or town it would then be unnecessary to inquire whether the defendant had a license; the court having also instructed that it was not necessary to show that the crime was committed upon the particular day alleged, but might prove that it was committed at any time prior to the filing of the information. That the instruction permitted the jury to find the defendant guilty notwithstanding that the sales alleged were at a time when it was possible for an unexpired lawfully granted liquor license for a place outside of an incorporated city or town to be held by the defendant, and for the further reason that no particular place of sale was alleged in the information. That under an information charging a separate and distinct offense for the sale of one glass of liquor, it is prejudicial error to permit the state to introduce proof tending to show that defendant had liquor in his establishment or that the place in which he was located resembled a bar-room. The defendant in such a case is not to be convicted because he had an opportunity to sell liquor.

In the Hansen case counsel contended that there was a fatal variance between the information and the proof as to the name of the party to whom the alleged unlawful sale was made, the information charging that the sale was

made to "F. H. Leslie" and the evidence was of a sale to "Frank W. Leslie," citing, Andrews v. Wynn (S. D.), 54 N. W. 1057.

*D. A. Preston,* Attorney General, and *Charles A. Kutcher,* for the state, argued and contended as set forth in the briefs filed in the cases of Vines v. State and Russell v. State, and further, that none of the special points raised in these cases were well taken, but that the evidence objected to was properly admitted, and the instructions complained of properly given.

BEARD, CHIEF JUSTICE.

In each of these cases the defendant was charged with selling intoxicating liquors without a license and each convicted and fined in the sum of one hundred and fifty dollars on each count of the information on which he was found guilty. They bring the cases here on error.

These cases and the case of Russell v. State, this day decided, by request of counsel were consolidated for the purpose of argument, and have been submitted together. The cases are so similar that the decision in the Russell case disposes of most of the questions presented, and need not be repeated here. In the Ross case and the Hansen case the court instructed the jury in one instruction that, "the state is not required to prove that the crime charged in any count was committed on the exact day alleged in the information; but it is sufficient for the state to prove that it was committed at any time prior to the filing of the information." And in another instruction that, "the laws of this state forbid the granting of any license to sell intoxicating liquors at any place outside of incorporated cities and towns. And in this case, if you find that the place where defendant is alleged to have sold intoxicating liquor is outside of any incorporated city or town, then it would be unnecessary for you to inquire whether defendant had a license, as no license could lawfully be granted to sell liquor at such place." It is contended that in view of the

former instruction, the correctness of which is not questioned, the latter was erroneous in two particulars. First, because it is not true that the laws of the state at all times prior to the filing of the informations forbid the granting of liquor· licenses at places outside of incorporated cities and towns, but only forbid the granting of such licenses since February 9, 1909, the date of the approval of the act restricting the granting of such licenses to places within such cities and towns. (Ch. 7, S. L. 1909.) Second, because the jury was told that "if you find that the place where defendant is alleged to have sold," etc., "then it would be unnecessary for you to inquire whether defendant had a license," etc., as the information did ·not allege the several sales to have been made at any particular place in the county or outside of any incorporated city or town; the allegation being, "at the county of Sheridan in the state of Wyoming." We think the instruction was erroneous in both particulars. Prior to the act of February 9, 1909, liquor licenses could be granted for places outside of such cities and towns,· and for a period of one year. So that if a license had been granted before February 9, 1909, it might not have expired until after the time .the sales in these cases were charged and shown· by the evidence to have been made. The date of the sales in the Hansen case being, two on the first, and three on the third day of January, 1910; and in the Ross case on the thirteenth of January, 1910. In the other particular the instruction was erroneous for the reason that it referred to the place charged in the information instead of the place where the sales occurred. —no ·place in the county being alleged—and under the informations the sales might have been proven to have occurred at any place or places in the county, whether within or without any incorporated city or town. While the .instruction was erroneous, we do not think the giving of it in these cases was such prejudicial error as to warrant a reversal of the judgments. Where, as in these cases, the defendant is charged with selling intoxicating liquors without a license, the great weight of authority is, that, a sale

being proven, the *prima facie* presumption is that it was
without license, and if the defendant has a license he must
show it. (Bishop on Statutory Crimes, Sec. 1051; Wool-
len and Thornton on Law of Intoxicating Liquors, Sec.
949; 23 Cyc. 247.) (For cases, see notes to above cita-
tions.) But the cases before us do not rest upon that
presumption alone. The uncontradicted evidence of the
county clerk was, that he had examined the records of his
office and that neither of the defendants had any license
at the time of the sales. There being no evidence in the
least tending to show that either of these defendants had
a license, the jury could not have done otherwise than find
the sales to have been unlawful; and having been made
without license, it was not important whether the place of
sale was without or within an incorporated city or town.

In the Hansen case in two counts of the information the
sales are alleged to have been made to "F. H. Leslie," while
the evidence was that those sales were to "Frank W. Les-
lie." It is claimed that there was a fatal variance and
that the defendant should have been acquitted on those
counts. This objection is fully answered by the statute
(Sec. 6166, Comp. Stat.) "Whenever, on the trial of any
indictment for any offense, there shall appear to be any
variance between the statement in such indictment and the
evidence offered in proof thereof in the christian name or
surname, or both christian name and surname, or other
description whatever of any person whomsoever, therein
named or described, or in the name or description of any
matter or thing whatsoever therein named or described, such
variance shall not be deemed ground for an acquittal of
the defendant, unless the court before which the trial shall
be had, shall find that such variance is material to the merits
of the case or may be prejudicial to the defendant." The
variance in the name does not appear to have been directly
called to the attention of the court either by objection to
the testimony or in the motion for a new trial; but, how-
ever that may be, we find nothing in the record to indicate

that the defendant was in any way misled or prejudiced thereby.   If the attention of the trial court was called to the matter, we must assume that it found that the variance was not material to the merits of the case, or prejudicial to the defendant, and we concur in that finding.   The several verdicts and judgments are, in our opinion, sustained by sufficient evidence.   Finding no prejudicial error in the record of either of the cases, the several judgments are affirmed.

*Affirmed.*

Scott, J., and Potter, J., concur.